UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|   |   |   |
|---|---|---|
| ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. _____ |
| LAUREN HENNESSY, | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG, by and through its attorneys, sues the Defendant, LAUREN HENNESSY, for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and alleges:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Achte/Neunte Boll Kino Beteiligungs Gmbh & Co Kg ("Plaintiff"), is a German Limited Partnership with a principal place of business located at Wormserstrasse 173, D-55130 Mainz, Germany.

2. Defendant, Lauren Hennessy, is an individual who, on information and belief, resides at 65 Southwick Road, North Reading, Massachusetts.

3. Personal jurisdiction is proper because the Defendant resides in the Commonwealth and/or the act(s) of infringement complained of herein occurred in the Commonwealth.

4. This Court has subject matter jurisdiction over these federal question claims pursuant to 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a), and 28 U.S.C. §§ 1331(a).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and/or 28 U.S.C. §1400(a).

## FACTUAL BACKGROUND

### The Copyrighted Motion Picture

6. Plaintiff is engaged in the production, acquisition, and distribution of motion pictures for theatrical exhibition, home entertainment, and other forms of distribution.

7. Plaintiff is responsible for the creation, development, and production of the commercially released motion picture entitled "Far Cry," which motion picture has significant value and has been produced and created at considerable expense.

8. At all relevant times hereto, Plaintiff has and continues to be the holder of the pertinent exclusive copyrights infringed by Defendant, as alleged hereunder, for certain copyrighted works, including but not limited to the copyrighted motion picture "Far Cry" (including screenplays and derivative works, the "Copyrighted Motion Picture"), which Copyrighted Motion Picture is the subject of valid Certificate of Copyright Registrations # PA 1-658-168 issued by the Register of Copyrights.

9. The Copyrighted Motion Picture contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

### The Online Media Distribution System

10. The "BitTorrent protocol" or "torrent" is an online media distribution system which users of peer-to-peer ("P2P") networks use to transfer data files such as digital audio/music files, digital pictures, and digital movies.

11. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network.

12. The initial file-provider intentionally elects to share a file with a torrent network

called a "seed."

13. Other users ("peers") on the network connect to the seed file to download the file, wherein the download creates a free digital copy of the Plaintiff's copyrighted motion picture.

14. As yet additional peers request the same file, each additional user becomes a part of the network from where the file can be downloaded.

15. The BitTorrent protocol works by allowing each new file downloader to receive a different piece of the data from each peer who has already downloaded the file that together comprises the whole, which is typically referred to as a "swarm."

16. This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users such that as more peers join the swarm, the likelihood of a successful download increases.

17. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file.

18. The effect of the BitTorrent protocol is to make every downloader also an uploader of the illegally transferred file(s), which means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

19. Due to the nature of the swarm downloads as described above, every infringer is *simultaneously* stealing copyrighted material in numerous jurisdictions around the country.

<u>The Infringement of the Copyrighted Motion Picture</u>

20. Plaintiff is informed and believes that Defendant, without the permission or consent of the Plaintiff, has and continues to use BitTorrent protocol to reproduce and distribute

to the public, including by making available for distribution to others, the Copyrighted Motion Picture.

21.   More specifically, Defendant, on information and belief, without the permission or consent of the Plaintiff, downloaded and distributed the Copyrighted Motion Picture using the BitTorrent protocol on February 9, 2010 at 10:23:00 P.M. (UTC) via the IP address 24.63.43.178, which was provided by her ISP, Comcast Cable Communications.

22.   Defendant's acts of infringement were intentional, willful, malicious, and in disregard of and with indifference to the rights of the Plaintiff.

23.   As a result of Defendant's acts of infringement, Plaintiff has been damaged.

**COUNT I - COPYRIGHT INFRINGEMENT/
VIOLATION OF 17 U.S.C. §§ 101, ET SEQ.**

24.   At all relevant times hereto, Plaintiff has and continues to be the holder of the pertinent valid and exclusive copyrights for the Copyrighted Motion Picture, "Far Cry."

25.   Defendant violated Plaintiff's exclusive rights of reproduction and distribution for the Copyrighted Motion Picture by downloading (reproducing) and uploading (distributing) "Far Cry" using the BitTorrent protocol.

26.   Defendant's acts constitute infringement of Plaintiff's exclusive copyrights protected under the Copyright Act of 1976 (17 U.S.C. § 101, *et seq*.).

27.   Defendant's acts of infringement were intentional, willful, malicious, and in disregard of and with indifference to the rights of the Plaintiff.

28.   As a result of the Defendant's infringement of Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**WHEREFORE,** the Plaintiff prays that this Honorable Court grant the following relief against the Defendant:

1. Enter judgment for the Plaintiff and against the Defendant on Count I of this Complaint;

2. Award actual damages or statutory damages pursuant to 17 U.S.C. § 504, but in no event less than $30,000 per infringement and up to $150,000 per infringement should the Court find any infringement to be willful or intentional, at the election of the Plaintiff;

3. Award Plaintiff reasonable attorneys' fees, costs, and interest; and,

4. Award all other such and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully Submitted,<br>ACHTE/NEUNTE BOLL KINO<br>BETEILIGUNGS GMBH & CO KG,<br>By Its Attorney, |
|  | **/s/ Ryan Ciporkin** |
| DATED:  February 16, 2011 | Todd Bennett, Esq. BBO #643185<br>Ryan Ciporkin, Esq. BBO #667479<br>BENNETT & BELFORT, P.C.<br>24 Thorndike Street, Suite 300<br>Cambridge, MA 02141<br>Telephone: 617-577-8800<br>Facsimile: 617-577-8811<br>tbennett@bennettandbelfort.com<br>rciporkin@bennettandbelfort.com<br>*Co-Counsel for the Plaintiff* |
|  | Thomas M. Dunlap, Not Admitted<br>Nicholas A. Kurtz, Not Admitted<br>DUNLAP, GRUBB & WEAVER, PLLC<br>1200 G Street, NW Suite 800<br>Washington, DC 20005<br>Telephone: 202-316-8558<br>Facsimile: 202-318-0242<br>tdunlap@dglegal.com /<br>nkurtz@dglegal.com<br>*Co-Counsel for the Plaintiff* |